Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Stephen S. Holland,** an individual;<br><br>    Plaintiff,<br><br>v.<br><br>**Equifax Information Services, L.L.C.,**<br>a Georgia limited liability company;<br>**Arizona Federal Credit Union,**<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Stephen S. Holland, upon information and belief, and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix

Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III. PARTIES

3. Plaintiff is a natural person residing in Maricopa County, Arizona.

4. At times relevant herein, Plaintiff was allegedly obligated to pay a consumer debt to Arizona Federal Credit Union, and is a "consumer" as defined by FCRA § 1681a(c).

5. Defendant Arizona Federal Credit Union ("AFCU") is a federally chartered credit union doing business in Arizona at 333 N. 44th Street, Phoenix, Arizona 85008.

6. AFCU is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

7. Defendant Equifax Information Services, LLC is a Georgia limited liability company authorized to do business in Arizona, with its principal place of business located at 1550 Peachtree St. NW, Atlanta, Georgia 30309.

8. Equifax is a both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

### IV. Factual Allegations

9. On April 4, 2005, Plaintiff purchased copies of his consumer credit reports from Equifax, Trans Union and Experian.

10. Each of the April 4, 2005 credit reports showed AFCU account number 10312999 as an open account with a balance owing of $1207.

11. Plaintiff sent letters disputing the AFCU account to each of the credit bureaus, including Equifax, stating that the account had been paid off in May 2002.

Plaintiff attached a copy of the release he had received in May 2002 showing that the AFCU account had been satisfied.

12. Upon information and belief, Equifax contacted AFCU concerning Plaintiff's dispute.

13. Upon information and belief, Equifax consciously chose not to communicate to AFCU the release which Plaintiff had provided showing the account had been satisfied in full.

14. Upon information and belief, AFCU reported back to Equifax that the information concerning the account was being reported accurately, including the status of "Charge-Off" and the balance of $1207.

15. In April 2005, Plaintiff received a communication from Equifax dated April 18, 2005 stating that it had "researched the credit account" and found that the current status of "Charge-Off" and the current balance of $1207 are being reported accurately.

16. The April 18, 2005 communication from Equifax also stated that AFCU had verified to Equifax that the current status and balance were correctly reported.

17. On August 22, 2005, Plaintiff purchased copies of his consumer credit reports from Equifax, Trans Union and Experian.

18. The August 22, 2005 Equifax report reflected that AFCU was continuing to report the account with a current status of "Charge-Off" as of June 2005 and with a balance owing of $1207.

19. The August 22, 2005 Equifax report also showed that no fewer than nine (9) credit reports had been issued by Equifax to Plaintiff's creditors or potential creditors since Equifax and AFCU verified the erroneous information.

20. Upon information and belief, the credit reports sent to Plaintiff's creditors or potential creditors during this time received erroneous information concerning

Plaintiff, including the fact that his AFCU account was a current or recent charge off and that there was an unpaid balance of $1207 owing.

21. As a direct result and proximate cause of Equifax's continued reporting of erroneous and adverse information on the consumer reports it issues concerning Plaintiff, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, and/or loss of opportunity.

22. As a direct result and proximate cause of AFCU's continued reporting of erroneous and adverse information to the credit bureaus concerning Plaintiff, Plaintiff has suffered and continues to suffer actual damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, and/or loss of opportunity.

## V.  Causes of Action

### a.  Fair Credit Reporting Act

23. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

24. Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

25. Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

26. Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | from Plaintiff and subscribers that such information was inaccurate.                 |
| 2 | 27. | Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions. |
| 4 | 28. | As a result of Equifax's actions, Plaintiff has been damaged.                        |
| 5 | 29. | AFCU failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681s-2(b). |
| 7 | 30. | As a result of AFCU's actions, Plaintiff has been damaged.                           |
| 8 | 31. | Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees. |
| 16 | 32. | As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees. |
| 22 | 33. | Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, |

1 | the costs of the action together with reasonable attorneys' fees.

2 | 34. As a result of Defendants' negligent failure to comply with the FCRA, Defendants' liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

## VI. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages in an amount to be shown at trial;

b) Statutory damages pursuant to FCRA § 1681n;

c) Punitive damages pursuant to FCRA § 1681n;

d) Costs and reasonable attorney's fees; and

e) Such other relief as may be just and proper.

DATED   October 18, 2005   .

*s/ Floyd W. Bybee*
Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff